EOD
10/08/2026

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **NIZAM-UD-DIN YOUSAF** | § | Case No. 25-11966-CGB |
| xxx-xx-6466 | § | [In the United States Bankruptcy Court for the |
| | § | Western District of Texas, Austin Division] |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |
| FIRST NATIONAL BANK OF WINNSBORO | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 26-6004 |
| | § | |
| KASHI ENTERPRISES, INC.; | § | |
| NIZAMUDDIN YOUSAF, and | § | |
| UMER MURTAZA | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OF DECISION[1]

The Court has heard and considered the following motions: (1) the "Plaintiff's Motion for Abstention and Remand" filed in this removed action by the First National Bank of Winnsboro (the "Bank" or the "Plaintiff"); and (2) the Motion to Transfer Venue of Adversary Proceeding to the United States Bankruptcy Court for the Western District of Texas filed by Umer Murtaza ("Murtaza"), an individual, non-debtor co-defendant in

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

the action. Murtaza, a non-debtor co-defendant, removed this action to this Court from its state court venue in Wood County and now seeks to transfer this action to the United States Bankruptcy Court for the Western District of Texas, Austin Division, in which yet another individual co-defendant from the State Court Litigation, Nizam-Ud-Din Yousaf a/k/a Nizamuddin Yousaf ("Yousaf" or the "Debtor") has filed an individual Chapter 7 petition. Following an evidentiary hearing, the Court took the matter under advisement. This order disposes of all issues currently before the Court.

***Factual and Procedural Background***

On or about April 21, 2025, the Plaintiff, the First National Bank of Winnsboro filed a state court petition in that certain lawsuit styled *First National Bank of Winnsboro v. Kashi Enterprises, Inc., Nizam-ud-din Yousaf, and Umer Murtaza* (the "State Court Litigation") under cause no. 2025-196 before the 402nd Judicial District Court of Wood County, Texas. In its petition, the Bank sought a recovery of damages based upon a promissory note executed and collateralized by Kashi Enterprises, Inc., and personally guaranteed by Yousaf and Murtaza.[2] After foreclosing upon Kashi's collateral for an amount less than the outstanding indebtedness, the Bank sought the recovery of the deficiency amounts against the named defendants in the approximate amount of $343,641, plus interest and attorneys' fees.[3] The three defendants each appeared and

---

[2] ECF #1-3 at p. 3-14.

[3] *Id*. at 11-14.

answered the petition.[4] Each defendant challenged whether the Bank had paid fair market value at the foreclosure sale. In addition, Murtaza interposed in his Second Amended Answer numerous defenses including bar by payment, offset or credit, limitations, accord and satisfaction, release, fraud, lack of standing, lack of mitigation, estoppel, laches and waiver.[5] Numerous discovery disputes arose by and among the parties and were resolved by hearings before the state court.[6] Murtaza ultimately filed cross-claims against his fellow defendants, Kashi and Yousaf, for breach of contract and other relief regarding the note and the guaranties.[7] Prior to any trial on the merits, on December 12, 2025, Yousaf filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code under Case No. 25-11966-cgb before the United States Bankruptcy Court for the Western District of Texas, Austin Division.

On March 11, 2026, Murtaza, the non-debtor individual defendant, removed the State Court Litigation to this Court as an action "related to" the Yousaf bankruptcy case. Since Yousaf is the 100% owner of Kashi Enterprises, Inc., Murtaza asserts that a judgment against Kashi "would encumber or impair" Yousaf's ownership interest in that non-debtor corporation and that the United States Bankruptcy Court for the Western District of Texas is the sole appropriate forum to adjudicate not only Murtaza's cross-

---

[4] *Id*. at 30-36, 47-49, 69-74.

[5] *Id*. at 69-74.

[6] ECF #1-3 at p. 93-97 and 134-38; #1-4 at 122-140; 141-151; 125-26; 1-70.

[7] ECF #1-5 at p. 1-70.

claim against the Debtor, but all the claims of all of the non-debtor parties in this litigation. Accordingly, Murtaza subsequently filed a motion to transfer this adversary case to that court.

The Plaintiff responded to the removal of the state court case with its Motion for Abstention and Remand. The Bank not only contends this dispute is not a core proceeding, it contends that the State Court Litigation is not even "related to" the Yousaf bankruptcy case. It asserts that the principles of mandatory abstention set forth in 28 U.S.C. § 1334(c) mandate that any exercise of federal jurisdiction be declined and the matter returned to the state court from which it was removed. The Bank argues that the issues involved in the State Court Litigation are exclusively state law issues which should properly be decided by a Texas state court.

***Discussion***

*28 U.S.C. § 1334(c)(2) - Mandatory Abstention*

Mandatory abstention principles address circumstances under which a bankruptcy court is required to decline the exercise of subject matter jurisdiction over a dispute, notwithstanding its existence under § 1334(b). Specifically, 28 U.S.C. § 1334(c)(2) provides that —

> (2) Upon timely motion of a party in a proceeding based upon a State law claim . . . , related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a

State forum of appropriate jurisdiction.

Thus, any federal court must abstain from hearing state law claims if: (1) the motion to abstain is timely; (2) the action is based upon a state law claim or cause of action; (3) an action has been commenced in state court; (4) the action can be timely adjudicated in state court; (5) there is no independent basis for federal jurisdiction which would have permitted the action to have been commenced in federal court absent bankruptcy; and (6) the matter before the court is a non-core proceeding. *Broyles v. U.S. Gypsum Co.,* 266 B.R. 778, 782-83 (E.D. Tex. 2001); *LaRoche Indus., Inc. v. Orica Nitrogen, L.L.P. (In re LaRoche Indus., Inc.)*, 312 B.R. 249, 252-53 (Bankr. D. Del. 2004). "The burden to prove that all of these elements are present is on the moving party." *In re Petroleum Prod. & Servs., Inc*., 561 B.R. 662, 665 (Bankr. S.D. Tex. 2016).

Because the Bank filed its motion to abstain within 30 days after the case was removed, its request for abstention is timely. There is no dispute that the action is based upon state law contract claims and had been commenced in state court prior to its removal. Thus, the first three prerequisites have been fulfilled.

The next issue is whether the removed action can be timely adjudicated in the state court. The Bank need not demonstrate that the suit can be or will be *more* timely adjudicated in state court, but only that the matter *can be* timely adjudicated in state court. *Montalvo v. Vela* (*In re Montalvo*), 559 B.R. 825, 842 (Bankr. S.D. Tex. 2016); *In re Drs. Hosp. 1997, L.P.*, 351 B.R. 813, 846 (Bankr. S.D. Tex. 2006). "While the standard is a

relatively low hurdle, it does require that the movant must demonstrate more than a mere naked assertion that the matter can be timely adjudicated in the state court." *Montalvo*, 559 B.R. at 842. "In instances where federal courts have found that state courts could adjudicate the dispute in a timely manner, the movant introduced evidence that the suit had already been prosecuted to some extent in the state court, which had issued various orders and become familiar with the case." *In re Petroleum Prod. & Servs., Inc*., 561 B.R. at 666, citing *In re Drs. Hosp. 1997, L.P.*, 351 B.R. at 846, n.29.

The Bank has established that the action *can* be timely adjudicated in state court because the state court docket sheet and applicable pleadings attached to the Notice of Removal demonstrate that it *was* being timely adjudicated in that venue at the time of the removal. The record establishes that the action had been efficiently prosecuted from its inception in April 2025 until progress was understandably interrupted by the Yousaf bankruptcy filing in December 2025. Discovery was conducted by the parties and the state court resolved disputes as they arose during that process. Cross-claims by Murtaza had been filed against Kashi and Yousaf. Summary judgment proceedings had been conducted by the court.[8] The case was progressing steadily and the record gives no indication that, upon proper stay relief, the state court case would not proceed toward resolution in a timely manner.

The final two factors in the mandatory abstention analysis involves bankruptcy

---

[8] ECF #1-4 at p. 71-114; 145-46; #1-6 at p. 11-77; 97.

jurisdiction. Though the Bank insists that abstention is mandated because no federal subject matter jurisdiction exists at all, the parties agree that the only basis that could exist for the exercise of federal jurisdiction over this case is derived from 28 U.S.C. § 1334(b).[9]

Thus, the only remaining barrier to the invocation of mandatory abstention is whether this proceeding is properly characterized as core or non-core. As Judge Isgur in the Southern District of Texas once succinctly summarized the vast catalog of notable Fifth Circuit decisions in this context:

> [M]andatory abstention applies only to non-core proceedings—that is, proceedings "related to a case under title 11," but not "arising under title 11, or arising in a case under title 11." 28 U.S.C. §§ 157(b)(1), 1334(c)(2). *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996). A proceeding is core under 28 U.S.C. § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 97 (5th Cir. 1987). The fact that a claim arises under state law is not dispositive, as "many truly bankruptcy issues, like the determination of the basis for creditors' claims, turn on state law." *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 930 (5th Cir. 1999). Nevertheless, *In re Wood* cautions against interpreting § 157(b) in a way that causes "the entire range of proceedings under bankruptcy jurisdiction [t]o fall within the scope of core proceedings." 825 F.2d at 95. A claim based on state created rights, which could have proceeded in state court had there been no bankruptcy, is likely not core. *Id*. at 97.

---

[9] Section 1334(b) provides, in relevant part, that:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings *arising under* title 11, or *arising in* or *related to* cases under title 11. (*emphasis added)*.

If a matter falls within one of those three distinct categories of bankruptcy proceedings, thereby giving the district court subject matter jurisdiction over that matter, then the district court may thereafter refer the matter to a bankruptcy court for that district under 28 U.S.C. § 157(a).

*In re Petroleum Prod. & Servs., Inc*., 561 B.R. at 665.

Though both parties recognized the non-core nature of the claims asserted against the Debtor, the Bank asserts as its primary position that no abstention analysis is needed because no subject matter jurisdiction exists at all for this lawsuit under § 1334. It attempts to characterize Murtaza's cross-claims against Kashi and the Debtor exclusively as contribution claims and challenges the legitimacy of such claims under Texas law.[10] However, for the purposes of analyzing the existence of "related to" jurisdiction, such a stance ignores the effect of Murtaza's pending indemnity cross-claim against the Debtor.

To whatever degree one may express doubt about the viability of Murtaza's contractual indemnity claims against the Debtor, they were asserted in the present lawsuit as a cross-claim against the Debtor and were pending at the time of removal. Instructive in this regard is the case of *Collins v. Sidharthan* (*In re KSRP*, *Ltd*.), 809 F.3d 263 (5th Cir. 2015). In *KSRP*, the Fifth Circuit considered whether subject matter jurisdiction, specifically "related to" jurisdiction under § 1334, existed to support the entry of judgment in a case involving the prosecution of indemnity and contribution claims against a debtor (KSRP) that had only been raised within the notice of removal itself and which the appellant had characterized as "illusory."

---

[10] *Coward v. AC & S., Inc.*, 91 F. App'x 919, 923 (5th Cir. 2004)["In Texas, in order for a party to have a contribution claim against another there must first have been judgment against that party finding it to be a joint tortfeasor and a payment by that party of a disproportionate share of the common liability."], citing *Arnold v. Garlock, Inc*. (*Arnold II* ), 288 F.3d 234, 237 (5th Cir.2002); *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19 (Tex.1987).

After affirming that "[i]t is well established that federal courts have 'related to' subject matter jurisdiction over litigation arising from a bankruptcy case if the proceeding could conceivably affect the estate being administered in bankruptcy" and further confirming that such a "conceivable effect" test should be applied broadly, 809 F.3d at 266, the Circuit in *KSRP* recognized that "it is well established that contractual indemnification rights may give rise to 'related to' jurisdiction." *Id*. at 267 (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir.2010)). It noted that "the well-pleaded complaint rule does not apply in determining whether a bankruptcy court has 'related to' jurisdiction over a removed case" and that [t]he state court pleadings on which a notice of removal relies need only raise facts necessary for a court to determine that a suit between third parties may conceivably have an effect on a bankruptcy estate." *Id*. at 268 n.3. Indeed, the Circuit observed that "[e]ven unfiled but potential indemnity claims are sufficient to show a conceivable effect on a bankruptcy case and give rise to 'related to' jurisdiction." *Id.* (citing *Refinery Holding Co. v. TRMI Holdings, Inc*. (*In re El Paso Refinery, LP*), 302 F.3d 343, 349 (5th Cir. 2002)) [finding "related to" jurisdiction because a third party could have sought contribution from another party, who could have sought contractual indemnification from the debtor, although none of these claims had been filed at the time of removal].[11]

[11] Since Texas law recognizes that "contribution is an equitable remedy that implies a contract between guarantors ensuring that in the event one of the guarantors is called to pay the debt, the other guarantors would contribute their proportionate share," *Lavender v. Bunch*, 216 S.W.3d 548, 553 (Tex. App.–Texarkana 2007, no pet.) (citing *Byrd v. Estate of Nelms*, 154 S.W.3d 149 (Tex.App.–Waco 2005, no pet.)), the mere possibility that a contribution claim would arise in Murtaza's favor against the Debtor

Finally, it should be noted that this Court is generally prohibited from analyzing the viability of Murtaza's indemnity claim in its abstention analysis. In rejecting the appellant's proposal that a bankruptcy court should evaluate the merits of any claims against a debtor to determine the existence of "related-to" jurisdiction, the Circuit in *KSRP* noted that the Supreme Court and its own precedents "have gravitated away from conflating jurisdiction and merits. Generally, courts should analyze their own authority to hear a case as a separate matter from whether that case involves a viable claim." 809 F.3d at 267.[12]

As of the date of the removal, the cross-claim asserted by Murtaza against Yousaf is sufficient to support the existence of bankruptcy jurisdiction under § 1334 as a non-core proceeding related to the Debtor's bankruptcy case under title 11. The cross-claim asserted by Murtaza could conceivably have an effect on the Yousaf bankruptcy estate. It is certainly conceivable that Murtaza's prosecution of his contractual indemnification claim could increase the Debtor's liabilities to be addressed in the bankruptcy case, which

---

in the future would be sufficient to establish "related to" jurisdiction in this lawsuit.

[12] In that bifurcated approach, it should be noted that "a claim that invokes federal jurisdiction may nonetheless be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e*., if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Id*. at 267 (citing *Arbaugh v. Y & H Corp*., 546 U.S. 500, 513 n.10, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (internal quotations omitted)) [applying *Arbaugh* federal question analysis to bankruptcy jurisdiction context]. *KSRP*, *Ltd*.), 809 F.3d at 267. Though there may be significant legal barriers to any recovery to be realized by Murtaza on any claim against the Debtor, the prosecution of those claims was diligently pursued by Murtaza in the state court proceeding and, as of the date of removal, cannot be fairly characterized as immaterial, insubstantial or frivolous, nor does the evidence suggest that it was pursued solely as a means of creating jurisdiction in the federal courts. However, should the claim be deemed as not colorable or frivolous in this instance, the same result would occur. The adversary would be subject to a remand to state court for lack of federal subject-matter jurisdiction.

potentially could have an effect on the means or manner in which the bankruptcy estate is administered. Thus, all of the factors for the imposition of mandatory abstention are present in this case.

Because the principles of mandatory abstention apply to this case, the exercise of any existing bankruptcy jurisdiction under § 1334(b) by this federal court or any other is precluded.[13] *Lain v. Watt* (*In re Dune Energy, Inc*.), 575 B.R. 716, 726 (Bankr. W.D. Tex. 2017)[“If the requirements for mandatory abstention are met, a federal court has no discretion—it must abstain.”]. The usual remedy that is invoked in this context is dismissal. *See, e.g., Lozano v. Swift Energy Co. (In re Wright)*, 231 B.R. 597, 603-04 (Bankr. W.D. Tex. 1999). However, when the action that has been previously commenced in state court has been unilaterally subjected to removal to a federal court despite the existence of all statutory prerequisites for the imposition of mandatory abstention, and dismissal would eliminate the sole litigation vehicle in existence, a court may instead protect the principles of abstention, while simultaneously avoiding an absurd result by remanding the case back to the state court from whence it came. *Id*. at 604; *J.T.*

[13] Murtaza suggests that this decision should be reserved for the bankruptcy court in the Western District. However, Murtaza provides no sound reasoning as to why this Court should defer any determination as to whether the exercise of federal judicial power is proper in this case and such inquiry should properly precede any concern about venue. In other words, the inquiry as to *whether* federal judicial power should be exercised should precede any concern about *where* the exercise of that power, if valid, should occur. *One William St. Cap. Master Fund Ltd. v. Wilmington Tr., Nat'l Ass'n*, 2026 WL 1622927, at *4 (S.D.N.Y. June 5, 2026)*; Rayonier Wood Prods., LLC v. Scanware, Inc.* (*In re Scanware*), 411 B.R. 889, 893-94 (Bankr. S.D. Ga. 2009); *Ravens II Holdings, L.L.P. v. Quest Title Co. (In re W.S.F.-World Sports Fans, L.L.C.),* 367 B.R. 786, 791 (Bankr. D.N.M. 2007). If the six factors set forth in 28 U.S.C. §1334(c)(2) are present, no federal court has the right to exercise jurisdiction under §1334. *See Frelin v. Oakwood Homes Corp*., 292 B.R. 369, 380 (Bankr. E.D. Ark. 2003) and cases cited therein.

*Thorpe Co. v. American Motorists*, 2003 WL 23323005, at *5 (S.D. Tex., June 9, 2003); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp.2d 596, 613 (S.D. Tex. 1999); *Mugica v. Helena Chem. Co.*, 362 B.R. 782, 793 (Bankr. S.D. Tex. 2007). Because the state court litigation can be reactivated for the benefit of the parties, subject to proper action addressing the ramifications of the automatic stay, the Court finds that, in lieu of dismissal and pursuant to the Plaintiff's request, this case should be remanded to the 402nd Judicial District Court of Wood County, Texas for further consideration.

## ***Conclusion***

For the foregoing reasons, the Plaintiff's Motion for Abstention and Remand filed by the First National Bank of Winnsboro is granted and this cause of action is hereby remanded to the 402nd Judicial District Court of Wood County, Texas [previous state court cause no. 2025-196]. The motion of Umer Murtaza to transfer venue to the United States Bankruptcy Court for the Western District of Texas, Austin Division, is dismissed as moot.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[14] pursuant to FED. R. CIV. P. 52, as incorporated into adversary

---

[14] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.

proceedings in bankruptcy cases by FED. R. BANKR. P. 7052. An appropriate order shall be entered consistent with this opinion.

Signed on 10/08/2026

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE
Acting By Designation in the Absence of
Joshua P. Searcy, United States Bankruptcy Judge